

UNITED STATES DISTRICT COURT FOT THE

SOUTHERN DISTRICT OF INDIANA

CHADRICK EVAN FULKS,        )
        Petitioner,        )
                )
v.        )    Case No._____
                )    (To Be Supplied By Clerk)
L. LaRiva, Acting Warden        )
Federal Correctional Complex        )
Terre Haute (FCC-TH),        )
        Respondent,        )

**2:15-cv-0033 WTL-WGH**

PETITION FOR WRIT OF HABEAS CORPUS

Comes Now, Chadrick Evan Fulks, petitioner herein, pursuant to 28 U.S.C. § 2241 and respectfully petitions this Court for a Writ of Habeas Corpus. In support thereof, the following facts and information is provided:

This Court has jurisdiction to issue the Writ under 28 U.S.C. § 2241 which states in relevant part " A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (c)(3) if it finds the petitioner   is in custody in violation of the Constitution or laws or treaties of the United States." WEBSTER V. LOCKET, 2013 U.S. Dist. LEXIS 161375 *9.(S.D. Ind. 2013).

Mr. Fulks is currently confined on the Special Confinement Unit at the United States Penitentiary within the Federal Correctional Complex, Terre Haute, Indiana. The Special Confinement Unit houses federal prisoners under a sentence of death. Mr. Fulks was sentenced to death pursuant to Title 18 U.S.C. § 3594. See: United Stats v. Fulks, 454 F.3d 410, 420 (4th Cir. 2006). Sentence was  affirmed on direct appeal. Id. Cert. denied Fulks v. United States, 551 U.S. 1147, 127 S.Ct. 3002. 168 L. Ed. 731 (2007).

Petitioner then sought post conviction relief pursuant to 28 U.S.C. § 2255. His petition for a Writ of Habeas Corpus was denied. See: Fulks v. United States, 875 F. Supp. 2d 535 (D. S.C. 2010)   A motion to alter or amend that decision was denied.

See: United States v. Fulks, 2011 U.S.Dist. LEXIS 3554 (D. S.C dated January 13, 2011). The denial of Habeas Relief was affirmed by the U.S. Court of Appeals for the Fourt Circuit. See: United States v. Fulks, 683 F. 3d 512 (4th Cir. 2012); Cert. denied by Fulks v. United States, 187 L. Ed. 2d 257 (2013).

### PETITIONER'S SENTENCE OF DEATH WAS OBTAINED IN VIOLATION OF HIS SIXTH AMENDMENT RIGHT TO COUNSEL

BACKGROUND:

Mr. Fulks and his codefendant were indicted in the District of South Carolina on Dec. 17, 2002. The Grand Jury returned a Superceeding indictment on April 23, 2003 charging petitioner with eight separate offenses and setting forth special findings supporting the imposition of the Death Penalty on the first two counts: (1) carjacking resulting in death (18 U.S.C. § 2119); and (2) kidnapping resulting in death (18 U.S.C. § 3571). The Notice of intent to seek the death penalty was filed September 13, 2003, pursuant to 18 U.S.C.A. § 3593(a) and the Federal Death Penalty Act (FDPA).

The Court appointed two attorneys to represent petitioner at trial i.e. John H. Blume and William F. Nettles IV. Additionally, a third attoreny, Sheri Lynn Johnson, worked pro bono on the case. Bulme and Johnson were both Professors of Law at Cornel Law School. These attorneys used an array of students from their legal clinic at the Cornel Law school to assist them in petitioner's case. See: Fulks v. United States, 875 F. Supp. 2d 545-548.

Petitioner was sentenced to death pursuant to the jury's verdict returned on June 29, 2004. United States v. Fulks, 454 F. 3d 420. Attorneys Blume and Nettles continued to represent Mr. Fulks on his direct appeal. The Appeal was affirmed by the U.S. Court of Appeals for the Fourth Circuit. 454 F.3d 410 (4th Cir. 2006); Cert. denied by Fulks v. United States, 551 U.S. 1147 (2007).

(2)

After the U.S. Supreme Court declined to hear Petitioner's case and several months into the one year time period for seeking collateral relief from the sentence pursuant to 28 U.S.C. §2255, the District Court appointed two attorneys to represent Mr. Fulks in the preparation and filing of his § 2255 petition. The Court appointed Beattie Ashmore and William W. Watkins, Jr. These attorneys were appointed over the objections of John H. Blume and the Federal Public Defender for the District. See: United States v. Fulks, 2011 U.S. Dist. LEXIS 3554 (D.S.C. January 13, 2011) *1. " After an initial skirmish with Blume, who suggested the Court appoint different counsel, the Court appointed " Watkins and Ashmore. Id.

Petitioner worked closely with attorney Watkins and developed a trusting relationship with him. The same could not be said of the strained and trying association between petitioner and attorney Ashmore. In the fall of 2008 Petitioner learned that attorney Watkins would no longer be his attorney and that he had taken a position as an Assistant United States Attorney in the District of South Carolina. This was after the § 2255 petition had been filed. In essence, Mr. Watkins crossed over to the prosecution side. The Court on its own motion made a substitution appointment of counsel and appointed Kirsten E. Small to replace Watkins.

It should be noted that other attorneys from the law firm of O'Melveny & Myers, PC in San Francisco, Calf. were involved in the litigation. However, none of the attorneys had any Capital Case experience. They did finance parts of the investigation and other costs. The Court has listed the attorneys by name, but petitioner had little to no contact with some of them. The attorneys are David P. Dalke, Kymberleigh Damron-Hsiao, Amy J. Laurendeau, Stephanie L. Noble. Daniella N. Oakley, and Amy J. Longo.

On  December 30, 2009, prior to the evidentiary hearing, Petitioner's attorneys moved to have attorneys from the Philadelphia Capital Habeas Unit (PCHU) appointed

(3)

into the case. The court declined to appoint additional lawyers for Mr. Fulks. The PCHU had been assisting unofficially in the case and continued to do so despite not being appointed into the case.

After a six-day hearing in late February, 2010 the Court issued a 175 page order and judgment on August 20, 2010 denying the § 2255 petition. See: Fulks v. United States, 875 F. Supp. 2d 535 (D. SC 2010). Seven days later Attorney Ashmore moved to withdraw from the case and to have attorney Billy Nolas of the PCHU appointed in his place. And the court granted the motion orally and entered a written order on September 3, 2010. Additionally, on December 2, 2010 Amy Gershenfeld Donnella of the PCHU was admitted into the case. The Capital Habeas Unit of the Federal Community Defender for the Eastern District of Pennsylvania was formed in 1995. Its efforts are dedicated solely to capital litigation . Their office is funded by a grant of the Administrative Office of the Unites States Courts

Within fourteen days of entering the case attorney Nolas filed a Motion to Alter or Amend Judgment pursuant Rule 59(e) of the Federal Rules of Civil Procedure. He raised four grounds which previous § 2255 counsel had failed to raise. He supported the Motion with 17 affidavits. The Court expressed skepticism over attorney Nolas' representations that he had gathered the affidvits in only fourteen days. The motion was denied. See: United States v. Fulks, 2011 U.S. Dist. LEXIS 3554 (D.SC. 1/13/11) and the denial of § 2255 relief was affirmed by the Fourth Circuit.

Petitioner has requested copies of legal records and documents from his current counsel for use in preparing this petition. All such requests have been denied. Therefore, this petition contains the facts known to Mr. Fulks at this juncture.

Petitioner recently became aware of a conflict of interest between him and the PCHU. As noted by the district court, trial counsel in this case used an array of Cornel Law School students in the defense team's investigation and trial prepar-

ation. One of those students employed by attorneys Blume and Johnston was Timothy Patrick Kane. Mr. Kane was a part of Blume and Johnson's Cornel Law School clinic and formed a part of the "experienced defense team to represent Fulks." Fulks, 875 F.Supp 2d 545-548. Mr. Kane graduated from the Cornel Law School, passed the bar and joined the Philadelphia Capital Habeas Unit and was so employes prior to the PCHU attorneys being appointed into this case. That office was to pursue ineffective assistance of counsel claims against petitioner's trial attorneys who had utalized Mr. Kane as a part of the defense team. The PCHU consists of numerous attorneys and other staff. They regularly "brain storm" cases involving groups of attorneys not officially assigned to a particular case. There is no mention in the record of anyone informing the court or petitioner that a PCHU attorney had worked on Mr. Fulks case as an agent of attorneys Blume and Johnson. This creates a potential conflict of interest. It can not be known at this point what impact this conflict had on Mr. Fulks' challenge against his trial attorneys. The record does indicate that PCHU attorneys were involved in this case before the evidentiary hearing was conducted in February, 2010.

Attorneys representing Fulks in the § 2255 petition had a duty to advise Fulks of this conflict and to obtain his waiver of any such conflict. Likewise they had a duty to inform the Court of this potential conflict. They failed, intentionally or otherwise, to do so. This issue can not be more fully investigated and/or presented to this Court without the appointment of counsel and an opportunity to amend this petition.

It is obvious that petitioner's original habeas counsel failed to raise viable claims in his § 2255 petition. Issues raised in the Rule 59 (e) motion were not included in the original or amended petition. The four claims included a Brady violation and other ineffective assistance of trial counsel claims. The specific issues are:

1. That John Blume, petitioner's principle trial attorney, did not possess the degree of capital litigation experience that had been represented to the court. This claim was supported by six affidavits. Witnesses who would have testified at the evidentiary hearing if called.

2. Additional witnesses supporting the claim that trial counsel was ineffective in a variety of ways including that Mr. Blume counseled petitioner to make a proffer to the government regarding the abduction of the victim without any corresponding concessions from the government. And to admit guilt by pleading guilty to the crime charged thereby foregoing the guilt phase of the trial and proceeding directly to the penalty phase.

3. That the court erred in refusing to postpone the evidentiary hearing and allow further exploration of the sexual abuse issue and expert testimony relating to the issue.

4. That the government had provided special arrangments and concessions to four witnesses who were called by the government in the penalty phase of the trial; and that the government had failed to disclose this information.

These assertions were supported by a total of seventeen affidavits. The witnesses were never called to testify during the evidentiary hearing. Failure to present these issues in the § 2255 petition constitutes ineffective assistance of counsel in the collateral proceedings.

Petitioner has been deprived of any opportunity to present these issues in his original collateral proceedings. This claim is presented to this Court pursuant to the ruling by the United States Supreme Court in Martinez v. Ryan, ____U.S.___, 132 S.Ct. 1309, 182 L.Ed. 2d 272 (2012).

Petitioner requests that the court appoint counsel to represent him in this matter and for leave to amend the petition if justice so requires.

(6)

Petitioner is unschooled in areas of law. This petition was prepared for him by a fellow inmate.

The facts and information contained in this petition are true and correct to the best of petitioner's knowledge and belief. It is sworn to under penalty of perjury.

Dated this 26th day of January, 2015.

Respectfully Submitted,

Chadrick Evan Fulks
Petitioner Pro Se
Reg. No. 16617-074
USP-Terre Haute
P.O. Box 33
Terre Haute, IN 47808

(7)