**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

CHADRICK EVAN FULKS,           )
                                )
                Petitioner,     )
                                )
vs.                             )        No. 2:15-cv-33-WTL-WGH
                                )
L. LaRIVA, Acting Warden,       )
                                )
                Respondent.     )

**Entry Directing Further Proceedings**

**I.**

The petitioner shall have **through April 16, 2015** in which to either pay the $5.00 filing

fee or demonstrate that he lacks the financial ability to do so.

**II.**

Petitioner Fulks is confined within this District and seeks a writ of habeas corpus

pursuant to 28 U.S.C. § 2241(c)(3). He challenges the validity of his conviction entered in the

United States District Court for the District of South Carolina.

The petitioner may have an uphill path to travel in demonstrating that a remedy via §

2241(c)(3) should be available to him. And it is his burden to show that such a remedy is the proper

one. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Charles v. Chandler*, 180 F.3d 753,

756 (6th Cir. 1999).

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States,* 417 U.S. 333, 343 (1974), although § 2241 also supplies a basis for collateral relief under limited circumstances. A writ of habeas corpus via § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence in those cases where § 2255 is "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255(e). A remedy via § 2255 is "inadequate" when its provisions limiting multiple § 2255 motions prevent a prisoner from obtaining review of a legal theory that "establishes the petitioner's actual innocence." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

On the basis of the foregoing, therefore, the petitioner shall have **through April 16, 2015** in which to show cause why this action can proceed under § 2241 or why, in the alternative, it should not be transferred to the United States District Court for the District of South Carolina.

### III.

The court will await its consideration of the petitioner's response to the directions in Part II of this Entry before acting on the petitioner's request for the appointment of counsel.

IT IS SO ORDERED.

Date:  3/16/15

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

CHADRICK FULKS
11617-074
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808