FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2015 APR -7  PM 3: 09

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF INDIANA

TERRE HAUTE DIVISION

CHADRICK EVAN FULKS,
   Petitioner,

vs.

L. LaRIVA, Acting Warden,
   Respondant,

Case No. 2:15-cv-33-WTL-WGH

PETITIONER'S RESPONSE TO THE COURT'S

ENTRY DIRECTING FURTHER PROCEEDINGS

COMES NOW, Chadrick Evan Fulks, petitioner Pro Se, aided by a fellow inmate

and provides this Response to this Court's Entry/Order directing further proceedings.

As noted by the court, petitioner is incarcerated within the Southern District

of Indiana and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (c)(3).

Mr. Fulks has elected to pursue the matter before the court by way of a § 2241

petition because it is the proper method for challenging the unconstitutional sen-

tence under which he is being confined. This court noted that "petitioner may have

an uphill path to travel in demonstrating that a remedy via § 2241 (c)(3) is avail-

able to him. And it is his burden to show that such a remedy is the proper one."

Doc. Entry #3. The path is not an impossible one, but the burden is mighty in light

of petitioner's 8th grade education, his inability to obtain counsel and his lack

of knowledge in the law or even conducting legal research. Nevertheless, he is attempt-

to comply with the requirement of this court. Petitioner would request that he not

be held to the same standards as an attorney. See: HAINES V. KERNER,  404 U.S. 519,

30 L. Ed. 2d 652, 92 S.CT. 594, (1972) and BOUNDS V. SMITH, 430 U.S. 817, 52 L. Ed

2d 72, 97 S.Ct. 1491 (1977). In Haines v. Kerner, the Supreme Court held that Pro Se pleading are held to "less stringent standards". Applying that standard Mr. Fulks submits the following.

As set forth in the Section 2241 Petition, Mr. Fulks has been denied effective assistance of counsel at his trial and in his collateral proceeding under 28 U.S.C. § 2255. His sixth amendment right to counsel has been violated in numerous ways and he has yet to have those issues fully addresses by the courts.

Petitioner sought to have the ineffective assistance of trial counsel issues addressed by the trial court in collateral proceedings. However, the court appointed habeas counsel with no capital experience, over the objections and recommendation of The Federal Public Defender for the District of South Carolina. The § 2255 petition did not contain all of the ineffective of assistance (IAC) claims against his trial counsel. Section 2255 counsel were ineffective by failing to raise all IAC claims in the petition. Under the United States Supreme Court's decision in MARTINEZ V. RYAN, 182 L. Ed. 2d 272, 132 S.Ct. 1309 (2012) a change in the law has occurred which is the basis for petitioner's § 2241 petition. MARTINEZ created a narrow exception to the court's previous decision in COLEMAN V. THOMPSON, 501 U.S. 722, 111 S.Ct. 2546, 115 L. Ed. 2d 640 (    ). In MARTINEZ the court held  where ineffective-assistance-of-trial-counsel claims must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing those claims if, in the initial-review collateral proceedings, there was no counsel or counsel in that proceeding was ineffective. MARTINEZ at 182 L.Ed. 2d 282-288

While MARTINEZ involved state proceedings, it applies equally to IAC claims in federal cases. The federal courts have held that IAC claims are "generally not cognizable on direct appeal unless the record conclusively establishes counsel's objectively unreasonable performance and resulting prejudice". UNITED STATES V. BENTON,

(2)

532 F. 3d 424, 435, (4th Cir 2008). To allow for adequate developement of the record, ineffective assistance claims should be pursued in a motion filed pursuant to 28 U.S.C. § 2255. UNITED STATES V. MARSHALL, 450 Fed. APPx. 314 (4th Cir. 2011). Other federal courts have held "We do not typically address ineffective-assistance-of-counsel claims on direct appeal." UNITED STATES V. COOK, 356 F. 3d 913, 919 (8th Cir. 2004); "We have repeatedly held claims of ineffective assistance of counsel are generally best litigated in collateral proceedings, such as an action under 28 U.S.C. § 2255." UNITED STATES V. SCHWARTE, 645 F. 3d 1022, 1034 (8th Cir. 2011); also see: UNITED STATES V. SANCHEZ-GONZALEZ, 645 F. 3d 626, 628 (8th Cir. 2011) "We only review ineffective of assistance of counsel claims on direct appeal in exceptional cases". UNITED STATES V. POE, 764 F. 3d 914 (8th Cir. 2014). The Seventh Circuit has long held that IAC Claims should not be advanced on direct appeal. UNITED STATES V. REISWITZ, 941 F. 2d 488, 495 (7th Cir. 1991);UNITED STATES V. BADGER, 983 F. 2d 1443, 1458 (7th Cir. 1992).

The U.S. Supreme Court addressed this issue in TREVINO V. THALER, 133 S.Ct. 1911, 185 L. Ed. 2d 1044 (2013). In that case the Texas state court did not expressly require that IAC claims be raised on initial collateral review and could be raised on direct appeal, but it was virtually impossible for appellate counsel to raise such claims as the record was not fully developed.

In the instant case, petitioner sought to have his IAC claims addressed on his initial collateral petition pursuant to 28 U.S.C. § 2255. He followed the procedures established for raising those issues. It was through no fault of his own that his court appointed section 2255 counsel failed to adequately pursue those issues. He was entitled to a full, fair and "unencumbered opportunity to receive a decision on the merits" of his § 2255 petition. POTTS V. UNITED STATES, 210 F. 3d 770 (7th Cir.,

(3)

2000). That has not happened. The district court went to great pains to establish the qualification of the attorneys initially appointed to represent Mr. Fulks in the section 2255 proceedings. See: FULKS V. UNITED STATES, 875 F. Supp 2d 535, 549-552. However, no mention is made of the fact that attorneys  Beattie B. Ashmore and William W. Watkins, Jr.  had absolutely no experience in capital cases.  While counsel appointed in § 2255 cases is governed by title 18 section 3006A  a recommendation by the Federal Public Defender of South Carolina was made to the court. That recommendation was for the appointment of attorney Susan Marcus out of New York. Ms. Marcus is an attorney with capital experience including representing clients on collateral appeals. The district court refers to this disagreement over the appointment of counsel as an "initial skirmish with Blume (petitioner's trial and direct appeal counsel) who suggested that the court appoint different counsel" UNITED STATES V. FULKS, 2011 U.S. Dist. LEXIS 3554 (D.S.C. January 13, 2011). No mention of this disagreement or skirmish was made by the court in it's initial Opinion and Order denying section 2255 relief. FULKS V. UNITED STATES, 875 F. Supp. 2d 535, 549-552 (D.S.C. 2010)

Attorney Watkins jumped ship and went to work as an Assistant United States Attorney for the District of South Carolina after the section 2255 petition had been filed and briefed. The court then appointed attorney Kirsten Small as substitute counsel to represent petitioner in the collateral proceedings. Ms. Small had no prior capital case experience. Id.  Additionally, the court makes much of the Pro Bono counsel who assisted in the 2255 proceedings, but still not one of the attroneys involved had any capital case experience.

The district court has never offered any justification for appointing counsel with no capital experience to represent Mr. Fulks in the capital proceedings on collateral review. The court did find that initial trial counsel was appointed after the "statutorialy required consultation with the South Carolina Federal Public Defender."

(4)

UNITED STATES V. FULKS, 2001 U.S. Dist. LEXIS (D.S.C. Jan. 13, 2011). The United States Supreme Court has long held that "death is different" and as such certain safeguards are required. In all federal death penalty cases the statutes require the appointment of at least two attorneys with one being learned in capital cases, for defendants who are indigent. That requirement is to insure that defendants facing the ultimate punishment have appropriate counsel. A check with the Federal Resource Counsel, attorneys operating to provide assistance in federal death penalty cases (funded by the Adminstrative Office of the United States Courts), reveals that in no other federal death penalty case has counsel with no capital case experience been appointed for collateral proceedings.

It was only after the court had denied all relief on the section 2255 petition that it appointed an attorney with capital case experience. That attorney, Billy H. Nolas sought review of the section 2255 denial through a Rule 59 (e) (of the Federal Rules of Civil Procedure) motion. The court's Opinion and Order sets forth reasons why it was denying that motion. In doing so it highlighted its belief that the issues presented were either known to attorneys representing Mr. Fu;ks, or could have been discovered and/or presented earlier. That Opinion demonstrates some of the ways that petitioners habeas counsel were ineffective and that he has not had a full and fair opportunity to present his IAC claims for a determination on the merits. Id.

According to the Seventh Circuit a "federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judical correction of a fundamental defect in his convection or sentence because the law changed after his first 2255 motion." In re Davenport, 147 F. 3d 605. 611 (7th Cir. 1998). That is exactly the situation this court is presented here.

Mr. Fulks' section 2241 petition is properly before this court under the "savings clause" of 28 U.S.C. § 2255 which allows prisoners to bring a section 2241 petit-

ion if he can show that the § 2255 remedy is inadequate or ineffective to test the legality of his sentence. UNITED STATES V. PREVATTE, 300 F. 3d 792, 799 (7th Cir. 2002). Clearly, under the circumstances in this case § 2255 has proven to be inadequate and ineffective. A petition under section 2241 does not have to raise a claim of actual innocence. The Seventh Circuit has held that § 2241 is the appropriate statute to challenge the legality of detention under several situation, not just actual innocence claims. When the law changed after a U.S. Supreme Court decision in certain cases, a section 2241 petition was used to address the issues. CARTER V. CROSS, 2011 U.S. App. LEXIS 26616 (7th Cir. August 9, 2011) (arguing that under BEGAY V. UNITED STATES, 553U.S. 137 (2008) and CHAMBERS V. UNITED STATES, 555 U.S. 122 (2009) the petitioner should not have been sentenced under Armed Career Criminal Act.) HILL V. WERLINGER, 695 F. 3d 644, 647-649 (7th Cir. 2012); BROWN V. CARAWAY, 719 F. 3d 583, 584 (7th Cir. 2013); SPERBERG V. MARBERRY, 38 Fed. Appx. 602 (7th Cir. 2010); UNITED STATES V. WYATT, 672 F. 3d 519 (7th Cir. 2012).

The Seventh Circuit has also held that " section 2241 is a distinct form of relief in a specific court, and persons initiating such claims are entitled to have them resolved under the grant of authority they choose to involk." WYATT, 672 F. 3d at 521-522. In COLLINS V. HOLINKA, 510 F. 3d 666, 258 Fed. Appx. 886 (7th Cir. 2007) the Seventh Circuit held that a petitioner's use of the one collateral attack allowed under U.S.C. § 2255 (h) does not deprive a district court of subject matter jurisdiction to entertain a later petition under § 2241.

It is of no moment that Mr. Fulks' § 2241 petition challenges his sentence of death and not his conviction. See: BROWN v. CARAWAY , 719 F. 3d at 585. His petition must be decided on the merits. Id. The savings clause under § 2255 does not require an actual innocence claim directed at the underlying conviction, not merely the sentence. Id.

(6)

Section 2241 is the proper means for Mr. Fulks to pursue his IAC claims in this matter. Pursuant to the statute this court has jursdiction. Petitioner is incarcerated within this Judicial District. The person having custody over him is within this Judicial District. There is no reason for this action to be transfered to South Carolina as it is this court which has jurisdiction in a section 2241 action. COLLINS V. HOLINKA, 258 Fed. Appx. at 886; LOPEZ,553 Fed. Appx. at 611). The court "should respect" petitioner's decision to pursue relief through a properly filed § 2241 petition. CARTER V. CROSS, 2011 U.S. App. LEXIS 26616 ( 7th Cir. 2011).

It should be noted that this response as well as the section 2241 petition were prepared by fellow inmate, David Paul Hammer, at the request of the petitioner. Mr. Hammer is now scheduled to be tranfered to another BOP facility at any time and he will no longer be allowed to assist Mr. Fulks in these proceedings. The petitioner does not have access to any other source of legal assistance, not even an inmate law clerk.  See Declaration attached hereto.

Petitioner would Urge this court to appoint counsel to assist him in this matter, to include supplementing this court ordered response.  It is respectfully submitted that the assistance of counsel would aid the petitioner and the court to ensure that all appropriate issues are covered in this response.

In PAUL V. SUPERINTENDANT, Case No: 2:13-cv-306. U.S. District Court for the Southern District of Indiana, the Honorable William T. Lawrence, United States District Judge took just such an approach. He appointed counsel on June 22, 2013 and allowed counsel to ammend the section 2241 petition if so needed. Paul, like Mr. Fulks is confined to the Special Confinement Unit at USP-Terre Haute under a federally imposed sentence of death. He too, had no access to legal assistance. The intrest of justice is surely best served when counsel is appointed in cases where legitimate issues are raised and life hangs in the balance. In PAUL the court did

(7)

not require that he submit a response justifying his section 2241 petition before being allowed to receive the benefit of counsel. It appears that because Mr. Fulks was able to find assistance in the preparation of his petition, he is now being penalized for that and the issue of appointing counsel was held in abayance.

For each of the foregoing reasons, Mr. Fulks section 2241 petition should be allowed to proceed in this court; counsel should be appointed to ammend the petition if so required and to respond to this court's entry directing further proceedings.

Respectfully Submitted,

Date: March 31, 2015

Chadrick Evan Fulks #16617-074
USP-Terre Haute
Post Office Box 33
Terre Haute, IN  47808

(8)