UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

CHADRICK FULKS,                )
                                  )
    Petitioner,               )
                                  )    Cause No. 2:15-cv-33-WTL-WGH
        v.                    )
                                  )
L. LARIVA, Acting Warden,   )
                                  )
    Respondent.          )

**RETURN TO ORDER TO SHOW CAUSE**

For his return to the Order to Show Cause and in response to the petitioner Chadrick

Fulks' ("Fulks") petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, the

respondent advises the Court as follows:

**BACKGROUND**

Fulks is a federal prisoner currently incarcerated at the United States Penitentiary,

located at the Federal Correctional Complex in Terre Haute, Indiana. *See* Attachment A, ¶ 2.

Fulks is currently serving a death sentence for carjacking resulting in death, in violation of 18

U.S.C. § 2119 and kidnapping resulting in death, in violation of 18 U.S.C. § 1201. *Id.*

Fulks was convicted in 2004 in the District of South Carolina of carjacking and

kidnapping resulting in death of the victim and six additional counts which included interstate

transportation of a stolen motor vehicle (18 U.S.C. § 2312); conspiracy to commit numerous

offenses, including carjacking and kidnapping (18 U.S.C. § 371); conspiracy to use firearms in

furtherance of a crime of violence (18 U.S.C. § 924(o)); use of a firearm during and in relation

to a crime of violence (18 U.S.C. § 924(c)(1)(A)); being a felon in possession of a firearm (18

U.S.C. § 922(g)(1); and possession of stolen firearms (18 U.S.C. § 922(j). Fulks pled guilty to

1

all counts in the Superseding Indictment.  A jury trial was held on the penalty phase and the jury returned a unanimous verdict recommending that Fulks be sentenced to death on both the carjacking and kidnapping counts.  The District of South Carolina sentenced Fulks to death for the kidnapping and carjacking counts and a total of 744 months in prison on the remaining six counts, to run consecutively to the two death sentences.

Fulks appealed his conviction and sentence to the Fourth Circuit Court of Appeals.  *See United States v. Fulks*, 454 F.3d 410 (4th Cir. 2006); *cert. den.* 551 U.S. 1147 (2007).  The Fourth Circuit affirmed the convictions and sentence.  *Id*.

Fulks sought post-conviction relief via a 28 U.S.C. § 2255 motion.  In that motion, Fulks argued that his trial counsel was ineffective in a variety of ways, and that other violations of his constitutional rights render his death sentence infirm.  Fulks asserted thirty-three (33) claims in his § 2255 motion.  The court found no merit in any of the grounds asserted and denied the petition.  *See Fulks v. United States*, 875 F. Supp. 2d 535 (D. South Carolina 2010).

Fulks then sought relief in a motion to alter or amend the court's order denying the § 2255 motion pursuant to a Rule 59(e).  The United States District Court of South Carolina denied this motion.  *See United States v. Fulks*, 2011 WL 116138 (D.S.C. 2011).

Fulks appealed this decision and the Fourth Circuit Court of Appeals affirmed the District Court's decision on June 26, 2012.  *See United States v. Fulks*, 683 F.3d 512 (4th Cir. 2012); *cert. den.* 134  S.Ct. 52 (2013).  Fulks filed a petition for rehearing that was also denied on December 2, 2013.  *See Fulks v. United States*, 134 S.Ct. 733 (2013).

On January 29, 2015, Fulks filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On May 11, 2015, this Court ordered the respondent to reply to Fulks' § 2241 motion.

## ISSUE

Whether Fulks' 28 U.S.C. § 2241 habeas corpus petition must be dismissed pursuant to

2

the "gatekeeping" provision of 28 U.S.C. § 2244(a) or whether, pursuant to the "savings clause" provision of 28 U.S.C. § 2255(e), this Court may consider the merits of Fulks' unconstitutional sentencing claim.

## DISCUSSION

Fulks brings this action pursuant to 28 U.S.C. § 2241.  A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner may challenge his conviction or his sentence.  *See Davis v. United States*, 417 U.S. 333, 342 (1974).  "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'"  *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)).  Section 2255 is "inadequate or ineffective to test the legality of [the] detention" only when a legal theory that could have not been presented under § 2255 establishes the petitioner's actual innocence.  *In re: Davenport*, 147 F.3d 605, 608-11 (7th Cir. 1998).  Actual innocence requires a "factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

Fulks has not met the standard to proceed under 28 U.S.C. § 2255(e)'s "savings clause."  He is not factually innocent.  He has not been sentenced above the statutory maximum for his offenses of conviction.  While his § 2255 motion did not grant Fulks the relief he desired, it cannot be said that a structural defect in § 2255 denied him the opportunity to present his sentencing claims.  *See In re: Davenport*, 147 F.3d at 611.  *See also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) ("It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective.").

In his instant Section 2241 motion, Fulks is challenging (1) whether his trial attorney had the degree of capital litigation experience to represent him; (2) whether his plea was voluntary; (3) whether the court erred in failing to continue evidentiary hearing; and (4) whether the government

3

failed to disclose special concessions provided to four witnesses.  Fulks does not argue in his Section 2241 petition that he is *factually* innocent of the crimes which resulted in the sentence he now challenges.  Nor does he contend that he has been convicted of nonexistence offenses.

Finally, *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015), offers Fulks no support.  In *Webster*, the Seventh Circuit held that "there is no categorical bar against resort to section 2241 in cases where new evidence would reveal that the Constitution categorically prohibits a certain penalty."  *Id.* at 1139.  In other words, as relevant here, *Webster* held that, in narrow circumstances, a petitioner may rely on Section 2241 to challenge not only his conviction but also his sentence.  Although Fulks attacks his sentence, rather than his conviction, *Webster* does not afford him any basis for collaterally attacking his conviction or sentence.

*Webster* involved new evidence that raised the possibility that the petitioner had been punished in a way that violated the Constitution.  The Court explained that such a claim could succeed only if the following conditions were met: "First, the evidence sought to be presented must have existed at the time of the original proceedings. . . Second, the evidence must have been available at the time of trial despite diligent efforts to obtain it.  Third, and most importantly, the evidence must show that the petitioner is constitutionally ineligible for the penalty he received." *Id.* at 1140 n.9.

Fulks points to no "new" evidence that existed at the time of his original proceeding, nor to any diligent efforts to find any such evidence.  He also does not point to anything that would make him constitutionally ineligible for the death penalty.  In *Webster*, the evidence at issue had the potential to show that the petitioner was mentally retarded, which would make him ineligible for the death penalty.  Nothing in Fulks's arguments raises an issue at all similar to this.  None of his arguments regards his mental status, age, or any other reason that he falls in a class of people ineligible for the death penalty.

Fulks' challenge to the imposition of his sentence must be made in the sentencing court, not to a court in the district in which Fulks is housed. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). If Fulks asserts that he was sentenced incorrectly, his remedy is to apply for relief from the sentencing court in the District of South Carolina.

## CONCLUSION

For all of the foregoing reasons, the respondent respectfully urges the Court to deny Fulks' petition for a writ of habeas corpus and to dismiss his 28 U.S.C. § 2241 petition with prejudice.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney


By:    s:/Winfield D. Ong
Winfield D. Ong
Assistant United States Attorney

5

CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2014, a copy of the foregoing Return to Order to Show

Cause was mailed, by First-Class U.S. Mail, postage prepaid and properly addressed to the

following:

Chadrick Fulks
Reg. No. 11617-074
Terre Haute U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

    s:/Winfield D. Ong
Winfield D. Ong
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, IN 46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-6125
Email: Winfield. Ong@usdoj.gov