# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

|  |  |  |
|---|---|---|
| | : | |
| CHADRICK EVAN FULKS, | : | CIVIL ACTION |
| | : | (Capital Habeas Corpus) |
| Petitioner, | : | |
| v. | : | No. 2:15–cv–00033–WTL–MJD |
| | : | |
| J. E. KRUEGER, Warden, USP Terre Haute, | : | **Hon. James R. Sweeney II** |
| UNITED STATES OF AMERICA, | : | **United States District Judge** |
| | : | |
| Respondents. | : | |
| | : | |

## PETITONER'S SUPPLEMENTAL REPLY
## IN SUPPORT OF AMENDED PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2241

PETER WILLIAMS
CLAUDIA VAN WYK
Assistant Federal Defenders
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Tel: 215.928.0520
Fax: 215.928.0826
pete_williams@fd.org
claudia_vanwyk@fd.org

*Counsel for Petitioner*

Dated: August 19, 2019

# PRELIMINARY STATEMENT

Petitioner adopts the following abbreviations for the pleadings cited in this supplemental reply:

AP:    Amended Petition (ECF No. 55)

RR:    Respondent's Return (ECF No. 66)

RAP:  Reply in Support of Amended Petition (ECF No. 67)

RSB:  Respondent's Supplemental Brief (ECF No. 71)

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................... i

TABLE OF CONTENTS............................................................................................... ii

PROCEDURAL BACKGROUND................................................................................ 1

ARGUMENT .............................................................................................................. 1

I.      BECAUSE MR. FULKS HAS THE SAME COGNITIVE AND ADAPTIVE FUNCTIONING DEFICITS EXHIBITED BY THE INTELLECTUALLY DISABLED, HE IS CATEGORICALLY INELIGIBLE FOR THE DEATH PENALTY. ................................................................................................ 1

CONCLUSION............................................................................................................ 5

CERTIFICATE OF SERVICE ................................................................................... 1

# PROCEDURAL BACKGROUND

Petitioner Chad Fulks filed his amended petition for relief under 28 U.S.C. § 2241 on March 8, 2019 (ECF No. 55). The government filed its return on June 12 (ECF No. 66), and Mr. Fulks replied on July 12 (ECF No. 67). On July 22, this Court issued an order directing the Government to file a supplemental brief addressing the second claim in Mr. Fulks's petition (ECF No. 68). The Government complied on August 5 (ECF No. 71). This is Mr. Fulks's reply to that supplemental brief.

# ARGUMENT

**I.     BECAUSE MR. FULKS HAS THE SAME COGNITIVE AND ADAPTIVE FUNCTIONING DEFICITS EXHIBITED BY THE INTELLECTUALLY DISABLED, HE IS CATEGORICALLY INELIGIBLE FOR THE DEATH PENALTY.**

Chadrick Fulks is intellectually disabled. As he demonstrates in Claim I of his Amended Petition, he suffers from significant deficits in intellectual and adaptive functioning, has an age of onset for these impairments that is before the age of eighteen, and has submitted a claim for relief to this Court under *Atkins v. Virginia*, 536 U.S. 304, 321 (2002). In Claim II, he also maintains that, even assuming he does not meet the age of onset criteria for the diagnosis, he has the same lifelong adaptive impairments and the same low adult intellectual functioning as an intellectually disabled person. Furthermore, Mr. Fulks suffers from Fetal Alcohol Spectrum Disorder ("FASD"), a disorder comparable in severity to intellectual disability ("ID"). Applying the same functional approach to *Atkins* that the Supreme Court applied to *Ford*[1] in *Madison v. Alabama*, 139 S. Ct. 718, 722-31 (2019), he argues that these deficits implicate the same policies that caused the

---

[1] *Ford v. Wainwright*, 447 U.S. 399, 406 (1986).

Supreme Court to declare Darryl Atkins categorically ineligible for the death penalty. *See* AP 56; RAP 10.

The Government maintains that this argument "runs afoul" of *Atkins* and its progeny because the Supreme Court has "never held that a defendant can be "'functionally' intellectually disabled . . . by satisfying just two of *Atkins*'s three requirements." RSB 2. Mr. Fulks's argument rests on the combined holdings of *Madison* and *Atkins*, not on *Atkins* alone. If, as he is prepared to demonstrate, his functioning as an adult is indistinguishable from that of an intellectually disabled person, he should not be eligible for capital punishment.

The Government essentially repeats further arguments it made in its previous pleading: that *Madison* applies only to claims of incompetence for execution under *Ford* and that Mr. Fulks's claim, because it relies on *Madison* and *Ford*, cannot be ripe until his execution is imminent. RR 34; RSB 4-5. Mr. Fulks relies on his earlier responses to those arguments. RAP 11.

The Government also cites a series of cases that have rejected arguments that the Eighth Amendment prohibits the execution of those who suffer from serious mental illness or FASD. RSB at 9-10. Even if some of these cases post-date *Madison*, none of them considers the application of *Madison* to *Atkins*. *See Smith v. Davis*, 927 F.3d 313, 339 & n.231 (5th Cir. 2019) (rejecting "serious mental illness" categorical bar, and citing *Madison*, but only to observe petitioner does not contend he is incompetent for execution under *Ford* test); *United States v. Fell*, No. 5:01–cr–12–01, 2016 WL 11550800, at *7 (D. Vt. Nov. 7, 2016) (ruling before *Madison*, and rejecting categorical exemption for FASD); *State v. Jenkins*, 303 Neb. 676, 713 (2019) (rejecting serious mental illness categorical bar without reference to *Madison*); *Faulkner v. State*, No. W2012–00612–CCA–R3–PD, 2014 WL 4267460 (Tenn. Ct. App. Aug. 29, 2014) (unpublished) (same as *Fell*); *Soliz v. State*, 432 S.W.3d 895, 903-04 (Tex. Crim. App. 2014) (same as *Fell*).

2

The Government repeats the argument it made in its initial response, contending that a case may satisfy the savings clause of § 2255(e), and proceed under § 2241, only in very narrow circumstances. GSB 13-14 (citing *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015); *In re Davenport*, 147 F.3d 605 (7th Cir. 1998)). The Seventh Circuit, however, has never held that these two cases exhaust all the circumstances in which the savings clause is available. None of the cases in which it has upheld resort to § 2241 have involved identical factual scenarios; rather, all have identified structural problems that made § 2255 "inadequate or ineffective" to test the petitioners' claims. *See* RAP 8-10, 12-14.

The Government relies on *Poe v. Lariva*, 834 F.3d 770 (7th Cir. 2016), to minimize the importance of *Webster.* RR 21, RSB 17. This reliance is misplaced. *Poe* acknowledged that constitutional claims are reviewable under § 2241 when § 2255 is inadequate or ineffective to review those claims. *Poe*, 834 F.3d at 773. *Poe* further acknowledged that *Webster*'s holding stemmed from the impossibility of Mr. Webster's position: "the defendant could not have used § 2255 at the time of [*Atkins*] because he did not have the new evidence of his social security records . . . and he could not use the new evidence when discovered because" it did not constitute "evidence of innocence of the offense." *Id.* at 774. Poe's claim was unsuccessful only because he filed a claim for relief under § 2241 when he should have pursued the same claim under § 2255, could easily have filed a timely § 2255 petition on this issue, but waited until the statute of limitations had run to request relief under § 2255. *Id.* at 774. Here, just as in *Webster*, Mr. Fulks raises two claims that could not have been raised during his § 2255 proceedings, both of which will render him ineligible for the death penalty if he prevails on the merits.

Mr. Fulks argues that *Teague v. Lane*, 489 U.S. 288, 310 (1989), poses no obstacle to his claim because the *Teague* doctrine bars only claims based on new rules of criminal procedure. He

3

argues that his present claim relies on a new substantive rule. RAP 14-16. The Government responds that, because *Madison*'s holding was dictated by precedent, it did not announce a new rule at all. It acknowledges that a "condition precedent" to the application of *Teague* "is that the rule announced in *Madison* is, in fact, new." RSB at 15. If, as the Government maintains, *Madison* did not announce a new rule, then *Teague* poses no bar to collateral relief on this claim. Moreover, if *Madison* did not announce a new rule, that only strengthens Mr. Fulks's case for proceeding under § 2241. In that case, § 2255 would be inadequate or ineffective to test his claim, because § 2255(h) provides for a successive petition only for "newly discovered evidence" or "a new rule of constitutional law."

Finally, the Government takes the position that Mr. Fulks's claim would be "cognizable" in a second-in-time § 2255 motion filed, as in *Ford*, if his execution becomes imminent. RSB 18. Therefore, if this Court rules that it cannot address the merits of the claim, it should, at a minimum, rule without prejudice to Mr. Fulks's right to renew it at a future date if it becomes "ripe" at the time of an imminent execution.

**CONCLUSION**

For all of the above reasons and those in Mr. Fulks's amended petition and initial reply, and based upon the full record of this matter, Petitioner requests that the Court provide the following relief:

A) That an evidentiary hearing be conducted on the merits of Petitioner's claims, any procedural issues, and all disputed issues of fact;

B) That leave to amend this Petition be granted, if necessary, after further fact development through investigation and an evidentiary hearing;

D) That Petitioner be allowed a reasonable time to file a memorandum of law in support of this Petition following any further fact development or following the denial of fact development; that the Government be allowed a reasonable time to respond; and that Petitioner be allowed a reasonable time to reply;

E) That habeas relief from Petitioner's sentence of death be granted.

Respectfully submitted,

/s/ Claudia Van Wyk
PETER WILLIAMS
CLAUDIA VAN WYK
Assistant Federal Defenders
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Tel: 215.928.0520
Fax: 215.928.0826
pete_williams@fd.org
claudia_vanwyk@fd.org

Dated: August 19, 2019

# CERTIFICATE OF SERVICE

I, Claudia Van Wyk, hereby certify that on this 19th day of August, 2019, a copy of the

foregoing was served via ECF filing on the following persons:


Joe Howard Vaughn, Esquire
Assistant United States Attorney
Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204–3048

Robert Frank Daley, Jr.
Kathleen Michelle Stoughton
Special Assistant United States Attorneys
1441 Main Street, Suite 500
Columbia, SC 29201


/s/ Claudia Van Wyk
Claudia Van Wyk