| CHADRICK FULKS, | ) | No. 2:15-CV-00033-JRS-MJD |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| *versus* | ) | |
| | ) | |
| J.E. KRUEGER, | ) | |
| *Warden, Terre Haute USP*, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM IN OPPOSITION TO
## MOTION TO ALTER OR AMEND JUDGMENT

Petitioner Fulks has filed a motion under Fed. R. Civ. P. 59(e) for reconsideration of this Court's order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. #75. Fulks claims that the Court committed several manifest errors. As set forth below, the Court should deny the motion because the Court's ruling was correct. In short, the Court made no errors warranting relief.

## I.    BACKGROUND.

On September 20, 2019, this Court dismissed Fulks's amended § 2241 petition in which he asked this Court for relief from his death sentence based on *Atkins v. Virginia*, 536 U.S. 304 (2002). *Fulks v. Krueger*, 2019 WL 4600210 (S.D.Ind. Sept. 20, 2019). The Court found that it could not reach the merits of Fulks's claims because they were barred by 28 U.S.C. § 2255(e). This was so because Fulks could not show a structural problem with § 2255 that prevented Fulks from having a reasonable opportunity for a reliable judicial determination of his claims in his § 2255 proceedings. *Id.* at *1. Fulks filed his Rule 59(e) motion on October 17, 2019.

1

**II.     LEGAL STANDARDS GOVERNING RULE 59(E).**

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). Motions under Rule 59(e) should only be granted in rare circumstances. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

A motion to reconsider under Rule 59(e) is not an opportunity for a losing party to reargue the merits of its case with arguments and theories that could have been made before the court rendered judgment. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995). Rather, such motion is meant "to bring to the trial court's attention a manifest error of law or fact." *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003). "A 'manifest error' is not demonstrated by the disappointment of the losing party." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Rather, the losing party must show the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Rule 59(e) relief is only available if the movant clearly establishes a ground for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

**III.    THE COURT DID NOT ERR IN DISMISSING FULKS'S § 2241 PETITION.**

The Court was correct in determining Fulks failed to meet the requirements of the "Savings Clause" found in 28 U.S.C. § 2255(e).   Fulks's *Atkins* claims were based on new legal developments, recent changes to standards according to the American Association on Intellectual and Developmental Disabilities ("AAIDD") and Diagnostic and Statistical Manual of Mental Disorders ("DSM"), and supposed structural problems with § 2255.   The Court appropriately dismissed the claims because none of the grounds met the requirements of the Savings Clause to proceed under § 2241.  *See Fulks*, 2019 WL 4600210, at *9-16.   The legal developments Fulks relied upon are constitutional and, therefore, do not meet the requirements of the Savings Clause as set forth by Seventh Circuit law.  *Id.* at *10-11.   Additionally, the updates to the AAIDD and DSM do not constitute newly discovered evidence, as set forth in *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc), by the Seventh Circuit.  *Id.* at *11-14.  Finally, Fulks failed to point to a structural problem with § 2255 that prevented him from raising his *Atkins* claims during his § 2255 proceedings.  *Id.* at *14-16.

The Court was correct in dismissing Fulks's § 2241 petition. His Rule 59(e) motion amounts largely to a rehashing of his arguments previously made and does not present the rare circumstance where such a motion should be granted.  The Court was correct in dismissing Fulks's § 2241 petition and should deny his Rule 59(e) motion.

**IV.    FULKS'S ARGUMENTS DO NOT WARRANT RULE 59(E) RELIEF.**

Petitioner fails in his Rule 59(e) motion to present any evidence or argument warranting reconsideration of the judgment in this case. Instead, he reargues points that were fully briefed, fully considered, and disposed of by this Court.

Fulks makes three primary claims of error. First, he contends the Court incorrectly held that *Atkins* determinations are confined to evidence in existence at the time of trial. Dkt. #75 (Rule 59(e) motion) at pp. 3-10. Second, Fulks claims the Court erred in rejecting his claim that he was challenging the execution of his sentence. *Id.* at pp. 10-11. Finally, Fulks contends that the Court erred in finding *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998), *Garza v. Lappin*, 253 F.3d 918 (7th Cir. 2001), and *Webster* did not allow for Fulks to bring his § 2241 petition and Fulks failed to identify a structural defect in § 2255 that deprived him of a reasonable opportunity to raise his claim. Dkt. #75 (Rule 59(e) motion), at pp. 11-22. None of these arguments warrant Rule 59(e) relief.

Fulks first claims the Court erred when it held that *Atkins* determinations are confined to evidence in existence at the time of trial. This argument fails for at least two reasons. First, the Court was correct when it applied the *Webster* test to determine when newly discovered evidence allows a § 2241 petition raising an *Atkins* claim to be brought under the Savings Clause of § 2255(e). The test requires that the newly discovered "evidence sought to be introduced must have existed at the time of the original proceeding." *Fulks*, 2019 WL 4600210, at *13; *see also id*. at *14 ("*Webster* made clear that the evidence at issue must have existed at the time of trial to be 'relevant' to an *Atkins* claim."). The Court was correct when it ruled that in order to bring an *Atkins*-related § 2241 petition under the Savings Clause based on newly discovered evidence, the Court must focus on whether the evidence was in existence at the time of trial.

Second, Fulks incorrectly asserts that the Court held that *Atkins* claims can only be brought at trial and apply only at the initial conviction stage. Throughout its order dismissing the § 2241 petition, the Court noted that *Atkins* prohibits the **execution** of the intellectually disabled. *See e.g.*,

*Fulks*, 2019 WL 4600210, at \*5 (noting that after *Atkins*, "the Supreme Court ha[d] now established that the Constitution itself forbids the *execution* of certain people") (quoting *Webster*, 784 F.3d at 1139) (emphasis added); *Id.* ("Before Mr. Fulks pleaded guilty and was sentenced to death, the Supreme Court held in *Atkins* that the Eighth Amendment forbids *execution* of an individual who has an intellectual disability."). Furthermore, the district court made clear there was "no dispute that Mr. Fulks could have raised both of his *Atkins* claims in his § 2255 proceedings" in the court of conviction. *Id.* at \*15; *see also id.* at \*16 n. 9 (noting "speculative analysis would not be required had Mr. Fulks raised an *Atkins* claim in his § 2255 when he had the opportunity to do so").

Clearly, the Court knew that *Atkins* prohibits the execution of the intellectually disabled and is not limited to being presented only at trial. Fulks has failed to demonstrate the "wholesale disregard, misapplication, or failure to recognize controlling precedent" required to obtained Rule 59(e) relief. *Burritt*, 807 F.3d at 253.

Fulks's second argument is that the Court erred in rejecting his claim that he was challenging the execution of his sentence. *See* Dkt. #75 (Rule 59(e) motion), at pp. 10-11. This argument is nothing more than a repeat of his argument in his amended petition and reply in support of his petition that he was challenging the execution—not the imposition—of his sentence. *See* Dkt. # 55, at pp. 62-63; Dkt. #67, at pp. 9-10. This Court thoroughly analyzed and rejected the argument in its order dismissing the § 2241 petition. *See Fulks*, 2019 WL 4600210, at \*8-9. As noted above, Rule 59(e) is not an opportunity for a losing party to reargue the merits of its case. *See LB Credit Corp.*, 49 F.3d at 1267. That is what Fulks attempts to do with his second argument. The Court should reject this argument for a basis for Rule 59(e) relief.

Fulks's final basis for his Rule 59(e) motion is that the Court supposedly misapplied *Davenport*, *Garza*, and *Webster* and erred in finding Fulks failed to identify a structural defect in § 2255 that deprived him of a reasonable opportunity to raise his claim. Again, Fulks's claim is a repeat of the arguments he made in his amended petition and his reply. He simply disagrees with the Court's thorough analysis of *Davenport*, *Garza*, and *Webster* and their application to his case, *see Fulks*, 2019 WL 4600210, at *2-5, *9-14, and the Court's thoughtful and careful discussion of Fulks's failure to point to a structural problem with § 2255 that prevented him from raising his claims during his § 2255 proceedings. *Fulks*, 2019 WL 4600210, at *14-16. Fulks merely repeats the arguments set forth in his prior pleadings. This is not the appropriate role of a Rule 59(e) motion. For this reason, the Court should reject this argument as a basis for Rule 59(e) relief.

## V. CONCLUSION

Fulks has failed to point to any manifest error of law or fact that would entitled him to relief under Rule 59(e), and the Court should deny his Motion to Alter or Amend.

Respectfully submitted,

JOSHUA J. MINKLER
UNITED STATES ATTORNEY

Brian Reitz
Assistant United States Attorney
United States Attorney's Office
10 West Market Street, Suite 2100
Indianapolis, IN 46204
Tel. (317) 229-2447
Fax (317) 226-6125
Email: Brian.Reitz@usdoj.gov

*and*

*/s/Robert Frank Daley, Jr.*
Robert Frank Daley, Jr.
Kathleen Michelle Stoughton
Special Assistant United States Attorneys
1441 Main Street, Suite 500
Columbia, SC 29201
Tel. (803) 929-3000
Fax (803) 929-3135
Email: Robert.Daley@USDOJ.GOV
Email: Kathleen.Stoughton@USDOJ.GOV

*Counsel for Respondent*

November 14, 2019

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHADRICK FULKS, | ) | No. 2:15-CV-00033-JRS-MJD |
| | ) | |
| Petitioner, | ) | |
| | ) | **<u>CERTIFICATE OF SERVICE</u>** |
| *versus* | ) | |
| | ) | |
| J.E. KRUEGER, | ) | |
| *Warden, Terre Haute USP*, | ) | |
| | ) | |
| Respondent. | ) | |

I hereby certify that on November 14, 2019, the foregoing document was served on all

parties or their counsel of record through the CM/ECF system if they are registered users or, if

they are not, by serving a true and correct copy at the address(es) listed below:

Claudia Van Wyk, Esquire
Peter Konrad Williams, Esquire
FEDERAL COMMUNITY DEFENDER OFFICE
601 Walnut Street, Suite 545W
Philadelphia, PA 19106
Email:  Claudia_Vanwyk@fd.org
Email:  Pete_Williams@fd.org

Respectfully submitted,

JOSHUA J. MINKLER
UNITED STATES ATTORNEY

Brian Reitz
Assistant United States Attorney
United States Attorney's Office
10 West Market Street, Suite 2100
Indianapolis, IN 46204
Tel. (317) 229-2447
Fax (317) 226-6125
Email:  Brian.Reitz@usdoj.gov

*and*

*/s/Robert Frank Daley, Jr.*
Robert Frank Daley, Jr.
Kathleen Michelle Stoughton
Special Assistant United States Attorneys
1441 Main Street, Suite 500
Columbia, SC 29201
Tel. (803) 929-3000
Fax (803) 929-3135
Email: Robert.Daley@USDOJ.GOV
Email: Kathleen.Stoughton@USDOJ.GOV

*Counsel for Respondent*

November 14, 2019