# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

|  |  |  |
|---|---|---|
| | : | |
| CHADRICK EVAN FULKS, | : | CIVIL ACTION |
| | : | (Capital Habeas Corpus) |
| Petitioner, | : | |
| v. | : | No. 2:15–cv–00033–JRS–MJD |
| | : | |
| J. E. KRUEGER, Warden, USP Terre Haute, | : | **Hon. James R. Sweeney II** |
| UNITED STATES OF AMERICA, | : | **United States District Judge** |
| | : | |
| Respondents. | : | |
| | : | |

## REPLY IN SUPPORT OF
## MOTION TO ALTER OR AMEND JUDGMENT

PETER WILLIAMS
CLAUDIA VAN WYK
Assistant Federal Defenders
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Tel: 215.928.0520
Fax: 215.928.0826
pete_williams@fd.org
claudia_vanwyk@fd.org

*Counsel for Petitioner*

Dated: November 21, 2019

**ARGUMENT**

Petitioner Chad Fulks moves pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend this Court's judgment denying his petition for a writ of habeas corpus. The Court rejected Petitioner's argument that new legal developments—the Supreme Court's decisions in *Hall v. Florida* and *Moore v. Texas* I and II[1]—along with current diagnostic standards that provided a new factual basis for relief, made his habeas claims cognizable under 28 U.S.C. § 2241. *See Fulks v. Krueger*, No. 2:15-cv-00033-JRS-MJD, 2019 WL 4600210 (S.D. Ind. Sept. 20, 2019). Respondent opposes Petitioner's motion, arguing that the Court "did not err" in dismissing Petitioner's § 2241 petition, and that his Rule 59(e) arguments do not warrant relief. Respondent's Memorandum in Opposition ("MIO") at 3. The Court's opinion, however, includes at least three manifest errors of law or fact that do fall under the criteria for altering or amending judgment under Rule 59. *See Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

(1) The Court misread the rule of *Atkins v. Virginia*[2] as a doctrine available only on the basis of evidence in existence at the time of trial. *See* Petitioner's Motion to Alter or Amend Judgment ("Motion") at 3-10. Respondent points to *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015), to support its claim that, to base a § 2241 motion on "newly discovered evidence," the evidence "must have existed at the time of the original proceeding." MIO at 3-4 (citing *Fulks*, 2019 WL 4600210, at *13). But Respondent confuses the facts of *Webster* with its holding.

---

[1] *See Moore v. Texas*, 139 S. Ct. 666 (2019) ("*Moore*-II"); *Moore v. Texas*, 137 S. Ct. 1039 (2017) ("*Moore*-I"); *Hall v. Florida*, 572 U.S. 701 (2014).

[2] 536 U.S. 304 (2002).

1

That the evidence in that case was newly discovered, but had existed at the time of trial, brought Webster's case within the Savings Clause,[3] but the Seventh Circuit never held that that was the exclusive path to § 2241 review. In this case, as the Rule 59 motion explains in detail, Petitioner should receive § 2241 review because *Atkins* prohibits the execution of the intellectually disabled, Hall and Moore I and II require courts to apply contemporary standards in assessing *Atkins* claims, and the applicable standards did not yet exist and were not binding at the time of previous rounds of litigation.

Respondent also refers to several instances in which the Court noted that *Atkins* prohibits the "execution" of the intellectually disabled, and argues that this demonstrates the Court's awareness that a petitioner can raise an *Atkins* claim after the trial is over. MIO at 4-5. This argument is non-responsive to Petitioner's point that the Court manifestly erred in requiring that the relevant *evidence* must have existed at the time of trial.

(2) *The Court failed to treat Petitioner's application as a challenge to the execution of his sentence, instead of its imposition. See* Motion at 10-12. Respondent does not address this argument except to indicate that the Court thoroughly discussed it. *See* MIO at 5. The Court manifestly erred in treating Petitioner's motion as an application to "set aside" his death sentence instead of a challenge to its execution, and thus cognizable only if Petitioner could satisfy the Savings Clause. Opinion at 15-16.

(3) *The Court did not recognize that Petitioner may proceed under § 2241 because a structural problem in 28 U.S.C. § 2255 prevents him from seeking relief under that section, thus*

---

[3] *See* 28 U.S.C. § 2255(e) (§ 2255 petitioner may not apply for writ of habeas corpus unless it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention.").

2

*satisfying the Savings Clause. See* Motion at 13-19. Respondent maintains that the legal developments in *Hall* and *Moore* I and II are "constitutional" and therefore cannot satisfy the Savings Clause under Seventh Circuit law. MIO at 3. In a related vein, Respondent denies the existence of any "structural" problem in § 2255 that would excuse Petitioner from complying with its provisions. MIO at 3. Respondent relies in part on *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), in which the Seventh Circuit found that the Savings Clause applied because one of the petitioners could not have employed § 2255 to seek relief under a new, retroactive rule of *statutory* law that redefined the offense. MIO at 3, 6. But Mr. Nichols (the defendant who received § 2241 review in *Davenport*) and Petitioner suffered in parallel ways: in each case, subsequent legal (and, in Petitioner's case, factual) developments rendered either the sentence (Fulks) or the conviction (Nichols) invalid, but the circumstances of each case prevented each petitioner from obtaining relief under § 2255. It is immaterial that the claim in *Davenport* was statutory. In both cases, § 2255 was "inadequate or ineffective to test the legality of [the petitioner's] detention."

**CONCLUSION**

For these reasons and those in Petitioner's initial motion, Petitioner respectfully requests that the Court alter or amend its judgment, vacate its September 20, 2019, order and judgment denying relief on his § 2241 Petition, dismiss the Government's procedural arguments, and permit merits review of Petitioner's *Atkins* claims.

Respectfully submitted,

/s/ Peter Williams
CLAUDIA VAN WYK
PETER WILLIAMS
Assistant Federal Defenders
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Tel: 215.928.0520
Fax: 215.928.0826
claudia_vanwyk@fd.org
pete_williams@fd.org

Dated:  November 21, 2019

# CERTIFICATE OF SERVICE

I, Peter Williams, hereby certify that on this 21st day of November, 2019, a copy of the forgoing was served via ECF filing on the following people:

Joe Howard Vaughn
Assistant United States Attorney
Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204–3048

Robert Frank Daley, Jr.
Kathleen Michelle Stoughton
Special Assistant United States Attorneys
1441 Main Street, Suite 500
Columbia, SC 29201

/s/ Peter Williams
Peter Williams