UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHADRICK FULKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:15-cv-00033-JRS-MJD |
| | ) | |
| J. E. KRUEGER, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Motion to Amend or Alter Judgment**

Petitioner Chadrick Fulks, a federal prisoner who has been sentenced to death, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that he is categorically ineligible for the death penalty because he is intellectually disabled (or the functional equivalent). On September 20, 2019, the Court denied Mr. Fulks' petition because his claims are barred by 28 U.S.C. § 2255(e). Dkts. 73 and 74. On October 17, 2019, Mr. Fulks filed a motion to alter or amend judgment.

To receive relief under Rule 59(e), the moving party "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013) (cleaned up). Mr. Fulks seeks relief based on alleged errors by the Court, but he has failed to identify a manifest error of law or fact that warrants relief.

Mr. Fulks correctly asserts that *Atkins v. Virginia* prohibits the execution of intellectually disabled persons. 536 U.S. 304, 321 (2002); *see* dkt. 75, ¶¶ 6–21 (Mr. Fulks' motion, discussing *Atkins*). The Court's opinion denying Mr. Fulks' habeas petition recognized this holding. *See*, *e.g.*, dkt. 73 at 10 ("[T]he Supreme Court held in *Atkins* that the Eighth Amendment forbids execution of an individual who has an intellectual disability."). But some statements in the opinion suggested that

1

post-trial evidence is irrelevant to an *Atkins* claim. *See id.* at 12 (contrasting *Atkins* with *Ford v. Wainwright*, 477 U.S. 399 (1986)). As Mr. Fulks points out, post-trial evidence *is* relevant to an *Atkins* claim. The Court's statements suggesting otherwise were meant to acknowledge what the Seventh Circuit recognized in *Webster*—that there are evidentiary differences for *Atkins* and *Ford* claims and whether they meet the Savings Clause. *See Webster v. Daniels*, 784 F.3d 1123, 1140 (7th Cir. 2015). In any event, the background principle that post-trial evidence is relevant to an *Atkins* claim does not impact the Court's conclusion that Mr. Fulks' claims are barred by § 2255(e) and do not meet the statute's Savings Clause.[1] *See* dkt. 73 at 9−29.

Mr. Fulks argues that the Court's conclusion was wrong for two reasons. *First*, he argues that § 2255(e) does not apply to his claims at all because he is challenging "the *execution* of his death sentence rather than its *imposition*." Dkt. 75 at 13. The Court addressed and rejected this argument in its order denying relief. Dkt. 73 at 14-16. Section 2255(e) applies to any claim for which a petitioner is "authorized to apply for relief pursuant to [§ 2255]." And § 2255 authorizes prisoners convicted in federal court to move to vacate or set aside their sentences "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or *is otherwise subject to collateral attack*." 28 U.S.C. § 2255(a) (emphasis added). Mr. Fulks' § 2241 petition seeks to vacate or set aside his death sentence, and he has failed to show that his challenge is something other than a collateral attack on that sentence. Even if he concedes that the

---

[1]     An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

sentence was valid when it was imposed, he argues the sentence is unconstitutional now. He therefore has not shown that application of § 2255(e) is a manifest error of law.

*Second*, Mr. Fulks argues that if he is subject to § 2255(e), he has met the Savings Clause because § 2255 "is inadequate or ineffective to test the legality of his detention." Dkt. 75 at 15−25. This argument is merely a replay of Mr. Fulks' pre-judgment briefs. And for the reasons stated in the Court's order, Mr. Fulks has not met the Savings Clause. *Davenport* does not apply because Mr. Fulks raises constitutional claims, not statutory ones. *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998); *see Poe v. LaRiva*, 834 F.3d 770, 773 (7th Cir. 2016) (emphasizing that *Davenport* does not apply to constitutional claims). And *Webster* does not apply because Mr. Fulks' is not "the rare case where records that predate trial are found much later, despite diligence on the part of the defense, and where those records bear directly on the constitutionality of the death sentence." 784 F.3d at 1140 (distinguishing Webster's claims from the far-more-common *Atkins* claim, like Mr. Fulks', based on new evidence created after trial). Mr. Fulks' arguments for extending *Davenport* and *Webster* do not demonstrate that the Court committed a manifest error of law in declining to do so.

Accordingly, Mr. Fulks' motion to alter or amend judgment, dkt. [75], is **denied**.

**IT IS SO ORDERED.**

Date:   4/1/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

3

Distribution:

Cindy Jane Cho
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
cindy.cho@usdoj.gov

Bob Daley
OFFICE OF THE UNITED STATES ATTORNEY
bob.daley@usdoj.gov

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

Kathleen Michelle Stoughton
OFFICE OF THE UNITED STATES ATTORNEY
kathleen.stoughton@usdoj.gov

Claudia Van Wyk
FEDERAL COMMUNITY DEFENDER OFFICE
claudia_vanwyk@fd.org

Peter Konrad Williams
Federal Community Defender Office
pete_williams@fd.org